IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GWENDOLYN RUSSELL,           )
                                       )
      Plaintiff,              )
                                       )
v.                             )      CASE NO. 3:15cv698-SRW
                                     )
NANCY A. BERRYHILL,[1]      )
Acting Commissioner of Social Security,  )
                                     )
      Defendant.        )

## MEMORANDUM OPINION AND ORDER

Plaintiff Gwendolyn Russell commenced this action on September 22, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her application for a period of disability, disability insurance benefits, and Supplemental Security Income.  (Doc. 1, 12, 13).  Plaintiff alleged disability as of March 31, 2012 due to asthma, a hernia, lower back problems, anemia, and high blood pressure.  (Doc. 13, 14-2 at 17-26).  On April 24, 2014, Administrative Law Judge Angela L. Neel ("the ALJ") issued an adverse decision.[2]  (Doc. 14-2 at 17-26). The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.  (Id. at 2-8).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

[2] Plaintiff was represented by counsel at the hearing before the ALJ.  (Doc. 14-2 at 17).

In the instant appeal, the plaintiff requests that the court remand this cause to the Commissioner under either sentence four or sentence six of § 405(g). (Doc. 12). This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. See 28 U.S.C. § 636(c). (Doc. 6, 7). For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed. Plaintiff also moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 241(d) and for an extension of time to file an application for 42 U.S.C. § 406(b) attorney's fees. (Doc. 12 at 10). Because the Commissioner's decision is affirmed, the motions will be denied.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id. A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words,

2

this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

(2)     whether the claimant has a severe impairment;

(3)     whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4)     whether the claimant can perform his or her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

## DISCUSSION

In her written decision, the ALJ concluded that the plaintiff suffers from the severe impairments of obesity, multilevel degenerative disc disease of the cervical spine, lumbago, asthma, and a ventral hernia, and that the plaintiff does not have an impairment or combination of impairments that meet or medically equal a listed impairment. (Doc. 14-2 at 20-21). The ALJ made the following RFC determination:

> [T]he claimant has the [RFC] to perform light work … [she] is able to lift / carry twenty pounds occasionally, ten pounds frequently.  The claimant is able to sit, stand and walk for six hours each out of an eight hour workday, alternating positions at will. The claimant must avoid overhead work activity. The claimant must avoid climbing, balancing, stooping, kneeling, and crawling. The claimant must avoid work at unprotected heights and work around hazardous, moving mechanical parts. The claimant must avoid operating a motor vehicle.  The claimant must avoid exposure to humidity and temperature extremes.  The claimant must avoid exposure to pulmonary irritants, such as fumes and gases and work in poorly ventilated areas. Mentally, the claimant is limited to performing simple, routine and repetitive tasks [such] as making simple, work-related decisions.

(Id. at 22).  At steps four and five the ALJ determined that, while the plaintiff cannot perform her past work, the plaintiff can perform other jobs that exist in sufficient numbers in the national economy – that is, ticket seller, mail clerk, and garment sorter.  (Doc. 14-2 at 25-26).  See also DICTIONARY OF OCCUPATIONAL TITLES ("DOT") (4th ed. 1991) § 211.467-030, 1991 WL 671853 (ticket seller); DOT (4th ed. 1991) § 209.687-026, 1991 WL 671813 (mail clerk); DOT (4th ed. 1991) § 222.687-014, 1991 WL 672131 (garment sorter).  The ALJ's fifth step findings resulted in a determination that the plaintiff is "not disabled."  (Id.).

The ALJ reached her conclusions at the fifth step "[b]ased on the testimony of the vocational expert."  (Id. at 26).  In addition to the ALJ's reliance on the vocational expert's ("VE") testimony, the ALJ's written decision references the DOT.  (Id. at 25-26). In making a disability determination at step five, the Commissioner is required to rely "primarily on the DOT … for information about the requirements of work in the national economy."  SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).  The ALJ may elicit a VE's testimony to supplement or clarify the DOT.  Id.  In this case, while the ALJ's written

decision intimates that the ALJ complied with SSR 00-4p and that she did not rely exclusively or predominately on the VE's testimony, the ALJ's allusion to the DOT is somewhat vague.  Nevertheless, there is sufficient information in the written decision and in the administrative record as a whole for the court to conclude that the ALJ fulfilled her responsibility to look "primarily" to the DOT at step five.  (Doc. 14-2 at 25-26, 52-54).

       With regard to the plaintiff's motion to remand this cause under sentence six of § 405(g), the plaintiff argues that new evidence – which consists of interrogatory responses from a vocational expert retained by the plaintiff – merits remand for additional consideration by the ALJ because, according to the plaintiff, the evidence "confirms that the ALJ's RFC finding prevents the performance of the jobs identified at step five and other work existing in the national economy." (Doc. 12 at 3).  The interrogatory responses were generated after the conclusion of the administrative proceedings. The Commissioner opposes a sentence six remand, and she argues that the plaintiff's new evidence is not material.

       As to plaintiff's petition for remand pursuant to sentence four of § 405(g), the plaintiff does not challenge the ALJ's findings at steps one through four, including the ALJ's Residual Functional Capacity ("RFC") determination.  However, the plaintiff argues that the ALJ committed reversible error at step five.  It is undisputed that the ALJ did not pose a complete hypothetical question to the VE (Doc. 12 at 6; Doc. 13 at 4); the ALJ did not ask the VE about the RFC's stooping restriction.  (Doc. 12 at 3; Doc 14-2 at 52-54). The plaintiff argues that the ALJ committed legal error and that the adverse decision is not based on substantial evidence because the ALJ failed "to pose a complete hypothetical

question to the vocational expert" that comports with the ALJ's residual functional capacity ("RFC") assessment.  (Doc. 12 at 3).  In other words, the ALJ's incomplete hypothetical question is the crux of the plaintiff's request for a § 405(g) sentence four remand. The Commissioner asserts that the ALJ's incomplete hypothetical is a harmless error that does not alter the adverse disability determination because the jobs of ticket seller, mail clerk, and garment sorter do not require stooping.  (Doc. 13 at 4).

### I.     Plaintiff's new evidence does not merit a sentence six remand.

The plaintiff's new evidence is in the form of written interrogatory responses by Joshua S. Tilton, Ph.D.  (Doc. 12-2).  Dr. Tilton is a vocational expert who testified that the plaintiff cannot perform the jobs identified by the Commissioner because "[n]o stooping would eliminate any jobs that would require a worker to have a sit/stand option. As with sedentary jobs, any sitting requires stooping from the seated to the standing position and standing to the seated position."  (Doc. 12-2 at 2-3).  Dr. Tilton concluded that there are no jobs in the national economy that the plaintiff could perform due to the limitations of the RFC, particularly the "no stooping" limitation in combination with a sit/stand option.  (Id. at 3).

The Eleventh Circuit uses a three-part test to determine whether a sentence six remand is appropriate so that the Commissioner may consider new evidence that was not available at the time of the administrative proceedings.

> Sentence six of 42 U.S.C. § 405(g) provides, in part, that "... the court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...." 42 U.S.C. § 405(g). To

> obtain a remand on the basis of new evidence, the plaintiff must show: (1)
> that there is new, noncumulative evidence; (2) that the new evidence is
> material and a reasonable possibility exists that the new evidence would
> change the administrative result; and (3) good cause exists for plaintiff's
> failure to present the evidence at the appropriate administrative level. Falge
> v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998) (citing Cannon v. Bowen,
> 858 F.2d 1541 (11th Cir. 1988)).

Mitchell v. Apfel, 1999 WL 33100499, at *1 (M.D. Ala. Sept. 17, 1999) (Walker, J.).  See also Anglin v. Soc. Sec. Admin., 602 F. App'x 483, 485 (11th Cir. 2015) (citing Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001)) (employing the three-part test for new evidence gathered after the administrative proceedings). "[T]he judicial determination whether [a sentence six] remand is necessary is a *de novo* proceeding." Caulder v. Bowen, 791 F.2d 872, 875 (11th Cir. 1986) (quoting Cherry v. Heckler, 760 F.2d 1186, 1194 (11th Cir.1985)).

Dr. Tilton's interrogatory responses are new and non-cumulative evidence, and the Commissioner does not argue otherwise.  See Mitchell, 1999 WL 33100499, at *2.

Also, the plaintiff meets her light burden of showing good cause.  "Under Eleventh Circuit law, it appears that establishing 'good cause' requires no more than a showing that the evidence did not exist until after the conclusion of the administrative proceedings." Mitchell, 1999 WL 33100499, at *2 (citing Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987) ("[B]ecause this new evidence did not exist at the time of the administrative proceedings Hyde has established good cause for failure to submit the evidence at the administrative level."); Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986) ("Smith has established good cause for failure to submit the evidence at the administrative level because it did not exist at that time."); Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988)

("[T]here is good cause for failing to present the evidence because it did not exist at the time of the administrative hearing or the district court proceedings."); <u>Caulder v. Bowen</u>, 791 F.2d 872, 878 (11th Cir. 1986) ("We ... find that Caulder did establish good cause for the failure to submit the evidence at the administrative level because the evidence did not exist at that time.")).[3]  <u>See also</u> <u>Jones v. Colvin</u>, 2013 WL 842704, at *3 (M.D. Ala. Mar. 6, 2013) (agreeing with the "good cause" analysis of <u>Mitchell</u>).  It is undisputed that Dr. Tilton's evidence did not exist until after the conclusion of the administrative proceedings; accordingly, the plaintiff has demonstrated good cause.

However, this does not end the court's inquiry. The parties' primary point of contention focuses on the question of the materiality of Dr. Tilton's testimony. The Commissioner argues that Dr. Tilton's testimony is not material because "it could not reasonably have been expected to change the ALJ's decision."  (Doc. 13 at 8).  Moreover, the Commissioner contends that the plaintiff provides no evidence "that the ALJ would have credited Dr. Tilton's interrogatories[.]" (<u>Id.</u>).   The plaintiff asks the court to weigh Dr. Tilton's interrogatory responses against the administrative record, to reverse the ALJ's decision, and to remand this matter with instructions for the Commissioner to award

---

[3] Nearly eighteen years ago, the undersigned noted that, "Were this court writing on a clean slate, it would adopt the view of the Fifth Circuit that there must be good cause for the failure to [gather the new evidence] during the administrative process." <u>Mitchell</u>, 1999 WL 33100499, at *2 (citing <u>Pierre v. Sullivan</u>, 884 F.2d 799, 803 (5th Cir. 1989) ("The mere fact that a medical report is of recent origin is not enough to meet the good cause requirement.... [T]he I.Q. test here at issue could have been administered at any time. Pierre has not offered good cause why the test was not performed earlier."); <u>Geyen v. Secretary of Health and Human Services</u>, 850 F.2d 263 (5th Cir. 1988); <u>Willis v. Secretary of Health and Human Services</u>, 727 F.2d 551 (6th Cir. 1984)).  The passing of time has not changed the court's view on this point.

benefits or, alternatively, to remand the cause so that the ALJ can consider the new

evidence and conduct additional proceedings.  (Doc. 12 at 6-9).

"[T]he underlying question of materiality of new evidence is … a question of law."

Caulder, 791 F.2d at 875 (citation omitted).  As this court discussed in Mitchell,

> The court … may not itself consider and weigh the new evidence in
> determining whether the ALJ's decision is supported by substantial evidence.
> See Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998)("[W]hen the
> [Appeals Council] has denied review, we will look only to the evidence
> actually presented to the ALJ in determining whether the ALJ's decision is
> supported by substantial evidence.").  Additionally, the court is not permitted
> to "discount" the evidence at this stage of the proceedings—although the ALJ
> may certainly do so on remand.  See [Cannon v. Bowen, 858 F.2d 1541, 1546
> (11th Cir. 1988)] ("Such evidence, if not discredited by the Secretary, is
> material and could change the administrative result."); Wright v. Heckler,
> 734 F.2d 696, 697 (11th Cir. 1984) ("If this [new] evaluation were accepted,
> a disability based on mental impairments might well exist and grids not be
> applicable. We conclude that the district court erred in finding that there was
> no possibility that the new evidence would affect the Secretary's decision.").
> The court concludes that the remaining issue before it on the motion to
> remand is whether the evidence—accepted as valid—is "'material' in that it
> is relevant and probative so there is a reasonable possibility that it would
> change the administrative results." Cannon, 858 F.2d at 1546.

Mitchell, 1999 WL 33100499, at *3.

A sentence six "remand request should be denied if it is simply a delaying tactic" or

when the new evidence, although it might be relevant, "is of limited value and insufficient

to justify the administrative costs and delay of a new hearing."  Caulder, 791 F.2d at 876

(quoting Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. Oct. 21, 1981)).[4]  It is clear that

---

[4] There are two categories of Fifth Circuit cases that constitute binding authority in the Eleventh Circuit.
In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted
as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  Also, a decision of a "Unit B"
panel of the former Fifth Circuit is binding on the Eleventh Circuit even if the decision was issued after
September 30, 1981.  See Matter of Int'l Horizons, Inc., 689 F.2d 996, 1004 n.17 (11th Cir. 1982).  The
Chaney decision falls into neither category; consequently, it is not binding authority in the Eleventh Circuit.

the plaintiff's motion to remand is not made for the purpose of delay.  The court assumes *arguendo* that the plaintiff's new evidence is valid on its face and relevant.  However, the evidence is not material because there is no possibility that it would alter the Commissioner's decision.  The ALJ could not rely on Dr. Tilton's interrogatory responses without committing legal error.

Dr. Tilton's testimony – that sitting and standing necessarily involve stooping – cannot be considered because an ALJ "may not rely on evidence provided by a VE … if that evidence is based on underlying assumptions or definitions that are inconsistent with [the Social Security Administration's ("SSA")] regulatory policies or definitions."  SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).  Dr. Tilton's attempt to add a stooping component to a sit/stand option conflicts with established definitions and common usage of the term "stooping."

The SSA defines "stooping" as "bending the body downward and forward by bending the spine at the waist."  SSR 83-14 (S.S.A. Jan. 1, 1983).  See also Young v. Astrue, 2012 WL 3962399, at *8 n.4 (S.D. Fla. Sept. 10, 2012) (noting that the SSA's definition of "stooping" is articulated in SSR 83-14 and that the DOT definition of "stooping" is "bending [the] body downward and forward by bending [the] spine at the waist, requiring full use of lower extremities and the back muscles.") (bracketed text in original).  Even if Dr. Tilton is correct that the action of sitting or standing necessarily causes one to stoop, his testimony is inconsistent with the DOT and the SSA's policy of deferring to the DOT's express job requirements.  Pursuant to SSR 00-4p, "[o]ccupational evidence provided by a VE generally should be consistent with the occupational

information supplied by the DOT." 2000 WL 1898704, at *2. The Commissioner correctly observes that, according to the DOT and by definition, the jobs of ticket seller, mail clerk, and garment sorter do not require or involve stooping. See DOT (4th ed. 1991) § 211.467-030, 1991 WL 671853 (ticket seller); DOT (4th ed. 1991) § 209.687-026, 1991 WL 671813 (mail clerk); DOT (4th ed. 1991) § 222.687-014, 1991 WL 672131 (garment sorter). According to the DOT, the act of "stooping" is "Not Present - Activity or condition does not exist" for the jobs of ticket seller, mail clerk, and garment sorter. Id.

"When there is an apparent unresolved conflict between VE … evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE … evidence to support a determination or decision about whether the claimant is disabled." 2000 WL 1898704, at *2. Dr. Tilton's written testimony lacks any reference to or acknowledgement that his finding that there is always a need to stoop when one sits or stands is in direct conflict with the DOT as to the jobs of ticket seller, mail clerk, and garment sorter, and his interrogatory responses do not explain the unresolved conflict between his testimony and the DOT. Because Dr. Tilton's testimony "is based on underlying assumptions or definitions" that are inconsistent with the DOT and SSR 00-4p, and his interrogatory responses do not provide an explanation for the inconsistency, the ALJ would commit an error of law by relying upon Dr. Tilton's interrogatory responses. For these reasons, the evidence is not "material" and there is not "a reasonable possibility that [Dr. Tilton's testimony] would change the administrative results." Cannon, 858 F.2d at 1546.

**II.     The ALJ's incomplete hypothetical question is harmless error.**

As discussed *supra*, plaintiff argues in support of her petition for a sentence four remand that the ALJ posed an incomplete hypothetical question to the VE, and that the error is not harmless.  The plaintiff is correct on two relevant points of law: (1) "once a claimant proves that she can no longer perform her past relevant work, the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform," Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999) (citations and marks omitted), and (2) if the ALJ relies on a vocational expert's testimony to meet the Commissioner's burden to show other jobs, the ALJ "must pose a hypothetical question which comprises all of the claimant's impairments."  Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Jones, *supra*).  The record is clear that the ALJ neglected to mention a stooping restriction when she questioned the VE.  (Doc. 12; 13; 14-2 at 52-54).  Because the ALJ's hypothetical question failed to account for all of the plaintiff's impairments, the vocational expert's testimony does not constitute substantial evidence to support the ALJ's findings at step five of the sequential evaluation process.[5]  See Wilson, 284 F.3d at 1227.

---

[5] There is no precedent in the Eleventh Circuit establishing "that the ALJ must announce her RFC determination prior to posing the hypothetical question." Syed v. Astrue, 441 F. App'x 632, 635 n.2 (11th Cir. 2011). A hypothetical question will be deemed complete as long as a claimant's limitations are expressly or implicitly included within the query.  See, e.g., Beasterfeld v. Commissioner of Soc. Sec., 511 F. App'x 514, 515 (11th Cir. 2012) (hypothetical question incorporating sit/stand option accounted for inability to walk for one block over rough or uneven surfaces since, if the claimant "would be able to sit or stand at will, she would necessarily be able to stop and rest when the distance or texture of the ground made walking too difficult"); Moore v. Commissioner of Soc. Sec., 478 F. App'x 623, 625 (11th Cir. 2012) (an inability to walk on uneven ground at a reasonable pace and the ability to walk only 250 feet without a cane were implicitly included within in a hypothetical that provided for a sit/stand option which "limited the available jobs to those permitting constant access to a chair").  However, the implicit inclusion exception does not apply in the instant action. The hypothetical question posed by the ALJ does not contain information that obviates the need to ask the VE about a stooping restriction, and the parties do not contend otherwise.

That said, remand is inappropriate and unwarranted if the ALJ's error is harmless.[6] See Jones v. Commissioner of Soc. Sec., 411 F. App'x 295, 298 (11th Cir. 2011). In Jones, the Court found that substantial evidence did not support the ALJ's conclusions at the fifth step because the ALJ posed an incomplete hypothetical to the VE. Id. Jones was unable to drive, and the ALJ's hypothetical did not expressly or implicitly "encompass Jones's driving restriction." Id. However, the Eleventh Circuit concluded that the ALJ's error was harmless because "the functional requirements of the jobs identified by the VE—final assembler, lens-block gauger, and food and beverage order clerk—do not appear to involve driving. Moreover, Jones makes no argument that the essential function of any of these jobs includes driving." Id. "[T]he ALJ's failure to include the driving limitation was harmless because it did not affect the outcome of Jones's case." Id. (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) ("We find that the ALJ made erroneous statements of fact, but we conclude that this was harmless error in the context of this case and that the ALJ applied the proper legal standard when considering the vocational factors.")).

Similar to Jones, the jobs identified by the VE – ticket seller, mail clerk, and garment sorter – do not involve the restriction that is absent from the ALJ's hypothetical question to the VE. See 1991 WL 371853; 1991 WL 671813; 1991 WL 672131. The ALJ's failure to include the stooping restriction in her hypothetical to the VE is harmless error, as it does

---

[6] The parties acknowledge the harmless error exception in their briefs, but they disagree about its applicability to the facts of the instant case. (Doc. 12 at 7; Doc. 13 at 6).

not alter the outcome of the plaintiff's case.  Stooping "does not exist" for any of the jobs identified by the ALJ at step five.  Id.  Once the ALJ identified three jobs that the plaintiff can perform despite the RFC's stooping restriction, the ALJ met her burden to identify jobs existing in significant numbers in the national economy that the plaintiff can perform. Jones, 190 F.3d at 1228.

The ALJ did not commit an error of law and her decision that the plaintiff is able to perform the duties associated with a ticket seller, mail clerk, and garment sorter is supported by substantial evidence, most notably the DOT.  See SSR 00-4p ("In making disability determinations, we rely primarily on the DOT … for information about the requirements of work in the national economy.").  Thus, the ALJ's incomplete hypothetical question to the VE was a harmless error.

## CONCLUSION AND ORDER

Upon consideration of the parties' briefs and the record, the court concludes that the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be AFFIRMED by separate judgment.

In addition, it is

ORDERED that plaintiff's motion for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 241(d) and motion for an extension of time to file an application for 42 U.S.C. § 406(b) attorney's fees (Doc. 12) are DENIED.

DONE, on this the 28th day of March, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

15